IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CR-00483-FM |
| | § | |
| RICARDO HUANTE, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

On this day, the court considered Defendant Ricardo Huante's ("Defendant") "Motion to Dismiss Count One of the Indictment with Prejudice as Time Barred and Brief in Support" ("Motion") [ECF No. 83], filed April 2, 2015; and the United States of America's ("Government") "Government's Response to Defendant's Motion to Dismiss Counts [sic] One of the Indictment" ("Response") [ECF No. 88], filed April 13, 2015.  After considering the parties' filings and reviewing the applicable law, Defendant's Motion is **DENIED**.

**I.      BACKGROUND**

26 U.S.C. § 7212(a) ("section 7212(a)") prohibits "corruptly or by force or threats of force . . . endeavor[ing] to intimidate or impede any [Government] officer or employee acting in an official capacity under [the Government's internal revenue laws], or in any other way corruptly or by force or threats of force . . . obstruct[ing] or imped[ing] . . . the due administration of" the Government's internal revenue laws.[1]  Criminal violations of the Government's internal revenue laws normally are subject to a three-year statute of limitations.[2]  However, 28 U.S.C. § 6531(6) ("section 6531(6)") applies a six-year statute of limitations "for offenses described in section 7212(a) (relating to intimidation of officers and

---

[1] 26 U.S.C. § 7212(a).

[2] *See id.* § 6531 ("No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found . . . within 3 years next after the commission of the offense . . . .").

employees of the [Government])."

Defendant was charged in a "Sealed Indictment" ("Indictment") on March 19, 2014.[3] Count One of the Indictment charges Defendant with corrupt interference with the Government's internal revenue laws in violation of section 7212(a).[4] The Indictment does not allege Defendant used force or threats of force to violate section 7212(a). The latest corrupt act alleged by the Indictment is Defendant's filing of an IRS form with false statements "[o]n or about March 25, 2008."[5]

Defendant filed his Motion on April 2, 2015, seeking to dismiss Count One as barred by the applicable statute of limitations. The Government responded to the Motion on April 13, 2015.

## II.   PARTIES' ARGUMENTS

Defendant argues section 6531(6)'s parenthetical limits the extended statute of limitations to section 7212(a) offenses relating to intimidation of officers and employees of the Government. Defendant avers the specificity of section 6531(6) "makes it clear [Congress's] intent was to include conduct that is related to the intimidation of officers and employees of the [Government]."[6] Furthermore, Defendant claims "[i]t is unlikely [C]ongress would include [the parenthetical] if it had intended for the [extended] limitations period[] to be applicable to all conduct encompassed by [section 7212(a)]."[7]

The Government avers the structure of section 7212(a), as well as interpretations of section 6531(6) by multiple circuits, indicate section 6531(6)'s parenthetical does not restrict the applicability of the six-year limitations period.[8]

---

[3] ECF No. 3. The Indictment was unsealed on May 7, 2014.

[4] Indictment 4.

[5] *Id.*

[6] Mot. 2.

[7] *Id.*

[8] Resp. 2–3.

**III.    DISCUSSION**

On the face of the Indictment, Count One only alleges corrupt acts that took place more than three years earlier. Although Count One's reference to an act that occurred "[o]n or about March 25, 2008" is ambiguous as to whether the act actually occurred within six years of the Indictment, Defendant concedes for purposes of his Motion that the act occurred within six years of the Indictment.[9] For purposes of evaluating Defendant's Motion, the court finds that the Government has alleged a criminal act occurring within six years of the Indictment in association with Count One. Consequently, the validity of Count One turns on whether a three-year or a six-year statute of limitations applies to the charged offense.[10]

It is beyond dispute that Count One charges Defendant with an "offense described in section 7212(a)." However, if section 7212(a)'s parenthetical limits the six-year statute of limitations to offenses "relating to intimidation of officers and employees of the [Government]," the Government's failure to allege intimidation is critical. Notwithstanding, the Fifth Circuit has found similar parenthetical language to be merely descriptive, rather than restrictive.

In *United States v. Herring*,[11] the Fifth Circuit interpreted interwoven racketeering statutes. A defendant was charged with a violation of 18 U.S.C. § 1962(c) ("section 1962(c)"), which prohibits participation in "a pattern of racketeering activity."[12] 18 U.S.C. § 1961(1)(B) defines "racketeering activity" to include "any act which is indictable under" 18 U.S.C. § 2314 ("section 2314"). Section 2314 prohibits transportation in interstate commerce of goods worth at least $5,000.00, when the transporter

---

[9] *See* Mot. 3 ("Paragraph 14(d) alleges conduct dated approximately 5 years and 359 days before the [I]ndictment.").

[10] Defendant concedes that if a six-year statute of limitations applies to Count One, then Count One should not be dismissed on statute of limitations grounds. *See* Mot. 3 (asserting "[t]he limitations period begins to run on the date of the last criminal act").

[11] 602 F.2d 1220 (5th Cir. 1979).

[12] 18 U.S.C. § 1962(c); *Herring*, 602 F.2d at 1223.

"know[s] the same to have been stolen, converted or taken by fraud."  However, the definition of racketeering activity included a parenthetical stating section 2314 "relat[es] to interstate transportation of stolen property," while containing no mention of converted or fraudulently taken property.[13] Consequently, the defendant argued the parenthetical foreclosed section 1962(c) charges in association with transportation of fraudulently taken property, as opposed to stolen property.[14]  In analyzing the statutes, the Fifth Circuit held the parenthetical "was intended merely to aid the identification of section 2314 rather than to limit the proscriptions of [the racketeering activity definition]."  Accordingly, the court found the defendant was properly indicted for a section 1962(c) violation.

Although the Fifth Circuit has not addressed section 6531(6)'s meaning, the Ninth Circuit has already rejected the interpretation Defendant advances.  In *United States v. Workinger*, a defendant was charged with corruptly obstructing and impeding the due administration of the Government's internal revenue laws, in violation of section 7212(a).[15]  The defendant argued that, because his indictment did not charge him with intimidating a Government officer or employee, section 6531(6)'s extended limitations period did not apply.  The Ninth Circuit rejected Defendant's argument, observing that all of the exceptions specified by section 6531 "deal with the obtaining of improper benefits or advantages through the use of fraud or corruption."[16]  From this observation, the Ninth Circuit held it would be "most peculiar" and "a very unlikely legislative leap" for section 6531(6) to apply solely to section 7212(a)'s intimidation component even though section 7212(a) also encompasses other corrupt

---

[13] 18 U.S.C. § 1961(1)(B).

[14] *Herring*, 602 F.2d at 1223; *see also id.* at 1222 ("The salient facts in this case embroil [the defendant] in a scheme of financing fraud.").

[15] 90 F.3d 1409, 1412 (9th Cir. 1996).

[16] *Id.* at 1414.

behaviors.[17]

In light of *Herring* and *Workinger*, Defendant's argument is not persuasive. Furthermore, it is contradicted by another part of section 6531. Section 6531(5) applies a six-year statute of limitations to "offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents)." This uses similar language ("offenses described in . . . relating to") to what is being contested in section 6531(6). However, it is impossible for section 6531(5)'s parenthetical to be a restriction because all acts prohibited by sections 7206(1) and 7207 relate to false statements and fraudulent documents.[18] As section 6531(5)'s parenthetical cannot serve a restrictive purpose, it would be especially illogical to view section 6531(6)'s parenthetical as restrictive in light of *Herring* and *Workinger*. Accordingly, the court holds section 6531(6)'s parenthetical merely identifies offenses found in section 7212(a), instead of limiting section 6531(6) to a subset of offenses covered by section 7212(a).

Defendant's indictment for a section 7212(a) offense was subject to a six-year statute of limitations because of section 6531(6). Since the Indictment alleges at least one corrupt act occurring within six years of the Indictment, the Government timely indicted Defendant for violating section 7212(a).[19]

---

[17] *Id.* At least one other circuit applies a six-year statute of limitations to all section 7212(a) offenses. *See United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) ("The applicable statute of limitations for [a section 7212(a) offense] is six years."); *accord United States v. Kelly*, 147 F.3d 172, 177 (2d Cir. 1998) (holding that a district court did not commit clear error when it concluded section 6531(6)'s parenthetical does not restrict the six-year limitations period).

[18] *See* 26 U.S.C. § 7206(1) (prohibiting "willfully mak[ing] and subscrib[ing] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which [the declarant] does not believe to be true and correct as to every material matter"); *id.* § 7207 (prohibiting "willfully deliver[ing] or disclos[ing] to the Secretary [of the Treasury] any list, return, account, statement, or other document, known by [the discloser] to be fraudulent or to be false as to any material matter").

[19] The Government's allegation that Defendant's last corrupt act for the offense was committed on or around March 25, 2008 puts an act very close to, but not necessarily beyond, the limitations period's end.

## IV.     CONCLUSION

Defendant Ricardo Huante's "Motion to Dismiss Count One of the Indictment with Prejudice as Time Barred and Brief in Support" [ECF No. 83] is **DENIED**.

**SO ORDERED.**

**SIGNED** this **30th** day of **April, 2014**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**